IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHIRLEY ISON-NEWSOME, § § Plaintiff, § § v. § Civil Action No.: 3:22-cv-02805-L § JPMORGAN CHASE BANK, NATIONAL § ASSOCIATION, § § Defendant. § | |

## EMERGENCY MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT

Defendant JPMorgan Chase Bank, N.A. ("Chase") seeks emergency relief from the Court in the form of a protective order under Federal Rule of Civil Procedure 26(c). As this Court recognized over 30 years ago in *Dondi Properties Corp. v. Com. Savs. & Loan Ass'n*, clearly states, "Scheduling Lawyers should, when practical, consult with opposing counsel *before* scheduling hearings and depositions in a good faith attempt to avoid scheduling conflicts."[1] And more recently, this Court reaffirmed that "[i]t is unprofessional to unilaterally set the deposition of a party represented by counsel without making any prior attempt to find a mutually convenient date."[2] Plaintiff's counsel ignores this District's well-worn mandate.

Plaintiff's counsel has unilaterally noticed an 18-topic Rule 30(b)(6) deposition of a Chase corporate representative to occur on April 22, with just a week's notice and without reasonably conferring with Chase on counsel or witness availability, the location of the deposition, or the topics to be covered. This notice came a few days after Plaintiff's counsel unilaterally demanded

---

[1] 121 F.R.D. 284, 293 (N.D. Tex. 1988) (en banc) (emphasis added).
[2] *Cloud v. Cumulus Media New Holdings, Inc.*, No. 3:22-cv-1673-N, 2023 U.S. Dist. LEXIS 53606, at *5-6 (N.D. Tex. Mar. 29, 2023) (quotations omitted).

**EMERGENCY MOTION FOR PROTECTIVE ORDER** – Page 1

that Chase produce 11 fact witnesses, including two business line chief executives, for deposition on specific dates during the last two weeks of April. What's more, Plaintiff's counsel refuses to reschedule the deposition unless *Chase* files a motion to extend all discovery deadlines for another month and submit to Plaintiff's unreasonable discovery demands. Plaintiff's counsel has made these moves under the guise of manufactured urgency surrounding a May 3 discovery deadline that has been in place since September.

Chase thus asks the Court to enter a protective order and to quash Plaintiff's improper deposition notice.

## I.   BACKGROUND

This is not (or at least should not be) a complex case. Plaintiff is suing Chase for processing a $51,000 wire payment that she expressly authorized. Yet, with mediation now unsuccessful,[3] Plaintiff's counsel wants to ignore any notion of proportionality and make litigation as expensive and unpleasant as possible.

On Wednesday, April 10, Plaintiff's counsel emailed a letter to Chase's counsel, demanding that Chase produce at least 11 fact witnesses for depositions, including one or more corporate representatives.[4] This was the first time Plaintiff's counsel had ever requested a deposition in this case. In his letter, Plaintiff's counsel gave no Rule 30(b)(6) topics, nor did he justify the need to take such so many fact depositions given the case's limited scope and amount in controversy, which include apex depositions of two chief executive officers of a Chase business line.[5] Counsel's letter also included a litany of purported deficiencies in Chase's discovery

---

[3] The parties engaged in mediation on April 5, 2024, and the mediator announced an impasse on April 12. [ECF No. 34].
[4] *See* App. 3, Ex. A, Dodrill Decl. ¶ 3; App. 6-7, Ex. A-1, Correspondence between counsel.
[5] Ex. A-2.

**EMERGENCY MOTION FOR PROTECTIVE ORDER** – Page 2

responses.[6] Plaintiff's counsel demanded that Chase respond to all aspects of his letter within less than 48 hours, by 5 p.m. on Friday, April 11.[7]

Chase's counsel responded on April 11 that it would be unable to respond by counsel's arbitrary deadline but assured counsel of a response early the next week.[8] Although Plaintiff's counsel accused Chase of trying to "run out the clock," Chase clarified its willingness to agree for depositions to occur beyond the discovery deadline.[9] Counsel for Chase sent Plaintiff's counsel an invitation for a meet and confer to occur on Monday, April 15.[10]

Plaintiff's counsel proceeded anyway. On Sunday, April 14, Plaintiff's counsel unilaterally noticed the deposition to occur on Monday, April 22.[11] Counsel for the parties conferred by Zoom for an hour on Monday, April 15, and Plaintiff's counsel refused to reschedule the deposition.[12] Chase offered to allow any required depositions to proceed after the May 3 discover deadline, but Plaintiff's counsel rejected this offer. Plaintiff's counsel would only agree on such an extension if Chase agreed that all discovery—including written discovery—would remain open until June 3, and that Plaintiff be allowed to depose all 11 witnesses counsel had identified.[13] Not just that, Plaintiff's counsel demanded that Chase file its own motion requesting an extension of discovery,[14] despite the Court's practices to the contrary,[15] Chase declined this ultimatum and now seeks relief from the Court.

---

[6] *Id.*
[7] *Id.*
[8] App. 13, Ex. A-1.
[9] *Id.*
[10] App. 3, Ex. A.
[11] *See* App. 3, Ex. A ¶ 5; App. 20, Ex. A-2 Plaintiff's Notice of Rule 30(b)(6) Deposition.
[12] *See* App. 27-28, Ex. B, Wallace Decl. ¶¶ 10-11.
[13] *See* App. 16-17, Ex. A-1.
[14] *Id.*
[15] [Scheduling Order at 4, ECF No. 23.]

**EMERGENCY MOTION FOR PROTECTIVE ORDER** – Page 3

## II.   APPLICABLE LEGAL STANDARD

Rule 26(c) grants the Court discretion to issue protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[16] As the moving party, Chase has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[17] A protective order is warranted upon good cause and a specific need for protection.[18]

Good cause warrants the issuance of a protective order here. *First*, Plaintiff's counsel noticed the deposition of a Chase Rule 30(b)(6) deposition without conferring with Chase's counsel on the date, time, or location for the deposition. *Second*, Plaintiff's counsel noticed the Rule 30(b)(6) deposition to occur within a week, before counsel had an opportunity to meaningfully confer on the Rule 30(b)(6) topics for the deposition. Plaintiff's counsel has deprived Chase of sufficient time to review the proposed deposition topics, identify the appropriate corporate representative(s), and prepare the witness(es) for deposition.

### A.   Plaintiff's counsel unilaterally noticed a Rule 30(b)(6) deposition to occur within a week.

Conferral among counsel over deposition dates is a standard and required practice in the Northern District of Texas. Under *Dondi*, unilaterally noticing a deposition is justified only if counsel consistently failed to provide available dates, which was not the case here.[19] Plaintiff's counsel unilaterally noticed a Rule 30(b)(6) deposition without any consultation with Chase as to the date of the deposition or the topics for examination. Courts uniformly recognize that such a short period is not "reasonable notice" under Rule 30(b)(1). District courts in the Fifth Circuit have

---

[16] Fed. R. Civ. P. 26(c).
[17] *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998).
[18] *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990).
[19] 121 F.R.D. at 293.

uniformly recognized that "a week or less is not reasonable notice" for a corporate representative deposition.[20]

Plaintiff's counsel has no legitimate explanation for these tactics. Any urgency in conducting discovery is a problem of counsel's own making. This case has been pending since December 2022. The Rule 26(f) conference opened discovery last September, and the existing discovery deadline is May 3, 2024. Rather than request these depositions months ago, Plaintiff's counsel sat and waited until three weeks for the close of fact discovery and has demanded that Chase produce 11 witnesses for deposition. There is no true exigency.[21] Chase even suggested that depositions could occur after the May 3 deadline, but Plaintiff's counsel refused that suggestion.[22] Instead, Plaintiff's counsel wants to use the impending discovery deadline to harass and pressure Chase and its counsel and to make this litigation more expensive, and if Chase wants any relief, Chase must move for more time and succumb to Plaintiff's unreasonable discovery demands. Chase is entitled to protection.

**B.      Plaintiff has not meaningfully conferred regarding Rule 30(b)(6) topics, which prevents Chase from agreeing to a deposition date.**

Plaintiff's notice of deposition further does not "describe with reasonable particularity the matters for examination,"[23] and the overbroad topics are aimed at largely irrelevant topics and

---

[20] *Rickman v. Moore*, No. 7:16-cv-00025-O, 2016 U.S. Dist. LEXIS 204337 (N.D. Tex. Aug. 3, 2016); *see also* Fed. R. Civ. P. 32(a)(5) ("A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place—and this motion was still pending when the deposition was taken.").

[21] *See Rosetsky v. Nat'l Bd. of Med. Exam'rs of U.S., Inc.*, 350 F. App'x 698, 702 (3d Cir. 2009) (affirming denial of extension of discovery schedule when plaintiff's counsel "waited until the eve of the deadline to notice any depositions" and provided defendant's counsel "merely one week's notice" without first checking the schedules of opposing counsel—who was unavailable—or the desired deponent).

[22] *See* App. 3, Ex. A ¶ 6.

[23] Fed. R. Civ. P. 30(b)(6).

disproportional to the needs of this case. In any event, Plaintiff's last-minute notice has not allowed Chase sufficient time to fully review Plaintiff's proposed topics, let alone enough time to "confer in good faith about the matters for examination."[24] Without topics, Chase cannot sufficiently identify who at the bank will testify on which topics, let alone adequately prepare its witness(es) as Rule 30(b)(6) requires.

Plaintiff's counsel's conduct defies *Dondi*. Counsel has waited until the eve of the discovery period to manufacture a discovery fight and create urgency. Despite Chase's willingness to negotiate reasonable and appropriate Rule 30(b)(6) topics and schedule a deposition of Chase's corporate representative(s) at a time and place that is mutually agreeable, Plaintiff's counsel wants to create a discovery fight to create pressure, harass Chase, and drive up the cost of this litigation. This Court has rejected these tactics for over thirty years. It should do so again here.

### III.  CONCLUSION

As detailed above, Chase is entitled to a protective order. Chase asks the Court to (1) grant this Motion for Protective Order, (2) quash the notice of deposition served by Plaintiff's counsel, and (3) order Plaintiff's counsel to meaningfully confer on the scope of Plaintiff's intended Rule 30(b)(6) topics and the availability of Chase's corporate representative(s), and for any and such other relief as Chase is justly entitled.

---

[24] *Id.*

Dated: April 15, 2024                              Respectfully submitted,

**GREENBERG TRAURIG LLP**

*/s/ Christopher S. Dodrill*
Christopher S. Dodrill
 State Bar No. 24110696
 dodrillc@gtlaw.com
Jeremy R. Wallace
 State Bar No. 24110825
 jeremy.wallace@gtlaw.com
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

**ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 15, 2024, counsel for Defendant conferred by Zoom with counsel for Plaintiff regarding the matters raised herein, and Plaintiff's counsel indicated that he opposes the relief sought in this motion.

*/s/ Jeremy Wallace*
Jeremy Wallace

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2024, I filed the foregoing through the Court's CM/ECF system, which will serve all counsel of record.

*/s/ Christopher S. Dodrill*
Christopher S. Dodrill